JUDGE CHIN

'08 CIV 4876

260-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
GREEN SHIPPING AS
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax



Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREEN SHIPPING AS,

                Plaintiff,

-against-

SOCIETE FRUIT TIME SARL and SOCIETE
RELATIONS INTERNATIONALES DE TUNISIE SA,

                Defendants.

08 CV _____ ( ___ )

**VERIFIED COMPLAINT**

---

Plaintiff GREEN SHIPPING AS (hereinafter "GREEN") for its Verified Complaint against Defendants SOCIETE FRUIT TIME SARL (hereinafter "FRUIT") and SOCIETE RELATIONS INTERNATIONALES DE TUNISIE SA (hereinafter "RELATIONS") alleges upon information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and

NYDOCS1/304715.2

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq*.

2. At all times material hereto, Plaintiff GREEN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at P.O. Box 94 Nesttun, NO-5852 Bergen, Norway.

3. At all times relevant hereto, Defendant FRUIT was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 55 Kheireddine Pacha Avenie, 1002 Tunis, Tunisia.

4. At all times relevant hereto, Defendant RELATIONS was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Espace Tunis, Block H, 3rd Floor, Montplaisir, Tunisia.

5. Plaintiff GREEN chartered its vessel the M/V GREEN FREEZER to non-party Medbourne Financial Ltd pursuant to a Gencon form charter party, dated December 2, 2005, for the performance of a series of banana shipments from Guatemala to European or North African ports (the "charter party").

6. The charter party contained a "Law and Arbitration" Clause which provided, in pertinent part: "This Charter Party shall be governed by and construed in accordance with English law and any dispute arising out of the Charter Party shall be referred to arbitration in London in accordance with the Arbitration Acts 1950 and 1979."

7. The charter party also contained a "U.S.A. Clause Paramount" which expressly incorporated the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. §1300 *et seq.* ("COGSA"), and provided that any term of the charter party or Bill of Lading issued thereunder repugnant to the Act were to be deemed void to that extent, but no further.

8.  COGSA imposes a one-year statute of limitations, which begins to run upon delivery, on cargo claims arising out of a shipment evidenced by a bill of lading.

9.  On September 30, 2006, Bills of Lading numbers 01, 02, 03 and 04 were issued on Congenbill form (1994) under the charter party in Santo Thomas de Castilla, Guatemala, covering a shipment of bananas from Santo Thomas de Castilla to Tunis, Tunisia.

10. Defendant FRUIT was named as the consignee[1] on Bills of Lading numbers 01 and 02. Defendant RELATIONS was named as the consignee on Bills of Lading numbers 03 and 04.

11. The terms of the Bills of Lading expressly incorporated the terms of the charter party, including the U.S.A. Clause Paramount and Law and Arbitration Clause: "All terms and conditions, liberties and exceptions of the Charter Party, dated as overleaf[2], including the Law and Arbitration Clause, are herewith incorporated."

12. Accordingly, each of the Bills of Lading was and is to be governed by and construed in accordance with English law and required that any dispute arising out of it be referred to arbitration in London. That arbitration agreement was and is also governed by English law. In addition, any cargo claim initiated by Defendant(s) FRUIT and/or RELATIONS arising out of one or more of the Bills of Lading was and is to be governed by the provisions of COGSA, including the Act's one-year statute of limitations provided at 46 U.S.C. §1303(6).

13. Between October 25, and November 5, 2006, the banana cargo, shipped under the Bills of Lading, was discharged from the vessel and delivered to Defendants FRUIT and RELATIONS.

---

[1] A consignee is the cargo interest with respect to a shipment evidenced by a bill of lading. In such a situation, the rights of the consignee as against a shipowner with respect to the evidenced shipment are governed by the terms of the bill of lading.

[2] The overleaf of the Bills of Lading identified the relevant charter party by date.

14.     Defendants FRUIT and RELATIONS alleged that the cargo was delivered damaged.

15.     On that ground, Defendants commenced an *in rem* suit against the M/V GREEN FREEZER in Tunisia on November 21, 2006, in breach of the Law and Arbitration Clause incorporated into the Bills of Lading, and proceed to have the vessel arrested in order to obtain security for the cargo claims.

16.     The vessel was subsequently released upon Plaintiff GREEN's provision of security in the form of a bank guarantee issued by Arab Tunisian Bank in the sum of TND 1,291,445.10 (or USD 1,095,652.07).

17.     On December 21, 2006, without Plaintiff GREEN's knowledge and before the adjudication of the merits of their claim by the Tunisian Court, Defendants FRUIT and RELATIONS made a formal request to Arab Tunisian Bank for payment under the bank guarantee.

18.     In further breach of the Law and Arbitration Clause, Defendants FRUIT and RELATIONS have pursued and are pursuing a claim against Plaintiff GREEN under the Bills of Lading in the courts of Tunisia for purported damage to its cargo, in the same proceedings Defendants commenced on November 21, 2006.

19.     On numerous occasions, Plaintiff GREEN invited Defendants FRUIT and RELATIONS to bring their cargo claim in the proper forum, namely London arbitration. In conjunction with these invitations, GREEN informed FRUIT and RELATIONS that if they continued to pursue the merits of their claim in Tunisia, GREEN would apply to the English High Court for an anti-suit injunction.

20. Notwithstanding GREEN's efforts to adjudicate the cargo claim in the proper forum, FRUIT and RELATIONS continued to pursue their claim in Tunisia.

21. Consequently, GREEN applied for and obtained, on September 28, 2007, a temporary anti-suit injunction from the English High Court, ordering Defendants to take immediate steps to discontinue the substantive proceedings in Tunisia and not commence or continue any proceedings for any claims under the Bills of Lading except in London arbitration pursuant to the terms of the Bills of Lading.[3]

22. Despite the anti-suit injunction, FRUIT and RELATIONS continued and are continuing to pursue their claims before the courts of Tunisia, in further breach of the Law and Arbitration Clause.

23. No arbitration was commenced by Defendants in London for any claim arising out of the shipments evidenced by the Bills of Lading within one-year from delivery (i.e., November 5, 2007). Accordingly, under the provisions of COGSA incorporated into the Bills of Lading, Defendants' cargo claim is time-barred.

24. In April 2008, Defendants FRUIT and RELATIONS arrested a sister vessel, the M/V GREEN MAGIC, at Sousse, Tunisia to obtain further security for their claims, notwithstanding the USD 1,095,652.07 bank guarantee already provided by Plaintiff GREEN when the M/V GREEN FREEZER was arrested in November 2006. The M/V GREEN MAGIC was subsequently released upon Plaintiff GREEN's provision of a further bank guarantee on April 29, 2008 in the amount of TND 446,303,000 (USD 500,000).

25. Owing to Defendants' breaches of the Bills of Lading, Plaintiff GREEN has suffered the following damages:

---

[3] The English High Court had jurisdiction over Defendants to issue the anti-suit injunction pursuant English law under Section 44(2)(e) of the Arbitration Act 1996 and/or Section 37 of the Supreme Court Act 1981.

(a) Port charges for the wrongful arrest of the M/V GREEN MAGIC at Sousse: EURO 10,960.25 (USD 17,469.21);

(b) Lost profits during seven days the M/V GREEN MAGIC was under wrongful arrest: USD 175,000 (USD 25,000 per day for 7 days);

(c) Plaintiff's P & I Club correspondent fees and costs: USD 101,047.43;

(d) Plaintiff's local Tunisian counsel fees and costs: EUR 25,140 (USD 38,914.90); and

(e) Security posted to release the vessels wrongfully arrested: USD 1,500,000

for a total of USD 1,832,431.54, no part of which has been paid by Defendants FRUIT and/or RELATIONS despite due demand.

26. The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and GREEN specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has been commenced.

27. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff GREEN's claims made or to be made in the London arbitration under English law, as agreed by the parties.

28. As a regular feature of English Law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

29. Plaintiff GREEN estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting its claims in London arbitration will be USD 150,000. Interest anticipated to be awarded is estimated to be USD 272,815.67 (calculated at the rate of 7% per annum compounded quarterly for a period of two years on the principal claim of USD 1,832,431.54, the estimated time for completion of the proceedings in London).

30. In all, the claim for which Plaintiff GREEN sues in this action, as near as presently may be estimated, totals **$2,255,247.21**, no part of which has been paid by Defendants FRUIT and RELATIONS, despite due demand. Plaintiff GREEN specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure GREEN.

### Request for Rule B Relief

31. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants SOCIETE FRUIT TIME and SOCIETE RELATIONS INTERNATIONALES DE TUNISIE SA (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in their individual names and/or being transferred for their individual benefits, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

32. The total amount sought to be attached pursuant to the above is **$2,255,247.21**.

WHEREFORE, Plaintiff GREEN SHIPPING AS prays:

a. That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing;

b. That if Defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendants up to and including

**$2,255,247.21** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendants SOCIETE FRUIT TIME and SOCIETE RELATIONS INTERNATIONALES DE TUNISIE SA, including but not limited to ASSETS in their individual names and/or being transferred for their individual benefits, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendants in the London arbitral proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
May 27, 2008

                    FREEHILL HOGAN & MAHAR, LLP
                    Attorneys for Plaintiff
                    GREEN SHIPPING AS

                    By: _____
                    Michael E. Unger (MU 0045)
                    80 Pine Street
                    New York, NY 10005
                    (212) 425-1900
                    (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
27th day of May 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10